## R. L. HAYES v. COATESVILLE OPERA-HOUSE CO.

### APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF CHESTER COUNTY.

Argued February 9, 1891—Affirmed at Bar.

The owner of a building, not in Philadelphia or Allegheny county, a part of which is fitted up with stage, etc., and occasionally let out for the holding of public meetings, local entertainments, and to traveling theatrical and operatic companies, at a variable rent or price for the use thereof, is not liable to the payment of the $50 license fee imposed by the act of April 16, 1845, P. L. 532, and its supplements.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 357 January Term 1890, Sup. Ct.; court below, No. 48½ October Term 1889, C. P.

On September 24, 1889, in an amicable action wherein Robert L. Hayes, treasurer of Chester county, for use of the Commonwealth, was plaintiff, and the Coatesville Opera-House

Company was defendant, a case stated was filed, setting out the facts sufficiently appearing in the opinion of the court below, HEMPHILL, J.:

This is an amicable action and case stated to determine, whether or not the Coatesville Opera-House Company, of the borough of Coatesville, Chester county, Pennsylvania, is required to pay an annual license fee of $50, to the said state, under the provisions of the act of assembly of April 16, 1845, [P. L. 532,] and its supplements.

The Coatesville Opera-House Company was incorporated by letters patent from the governor, under the act of April 29, 1874, P. L. 73, and supplements, for the purpose of establishing and maintaining an opera-house in the borough of Coatesville, in this county, and is the owner of a three-story brick building in said borough, the lower story of which is used for a market house and warerooms; the third story for lodge rooms and society meetings; and the second story, which is fitted up with a stage, boxes, seats, and some scenery, is rented by the company for political and other public meetings, local entertainments, school exhibitions, festivals and like entertainments, and also from time to time to traveling theatrical companies from the city of Philadelphia, for the exhibition and performance of theatrical and operatic entertainments.

The second section of the act of April 16, 1845, provides: " That no theatrical exhibition or exhibitions of circus performances or menageries, shall hereafter be allowed in this commonwealth, without a license from the state; and the treasurer of any county shall have authority to grant licenses, under his hand and the seal of the proper county, for such exhibition, on the payment of the following sums, to wit:" then follow the license rates, which were altered by the act of May 15, 1850, P. L. 772, a supplement to the preceding act, the fifth section of which provides: " That hereafter the price of a theater or circus license, or museum, or any other place for theatrical representations, shall be in the city and county of Philadelphia, $500, and in the county of Allegheny, $200, and for each and every other county of this commonwealth within the bounds of which such theatre or circus may be shown, held or exhibited, the sum of $50. . . . . Such licenses shall be granted according to the provisions of the second section of

the act of the sixteenth day of April, eighteen hundred and forty-five, by the treasurer of the proper county, upon receiving the price of the same, but no such license shall entitle the party who shall receive it, to make any such exhibition, except within the county for which the same shall be granted."

Two kinds or classes of licenses, it will be seen, are contemplated by this section : The first is of the place or building, the language being, " the price of a theatre or circus license, or museum or any other place for theatrical representations, shall be, etc.," and is confined to the city and county of Philadelphia and county of Allegheny. Of the subsequent acts of March 30, 1864, P. L. 141, and May 22, 1879, P. L. 73, which relate to the regulation and licensing of places of amusement, the former is confined to the city of Philadelphia, and the latter to the cities of the first class. These acts, therefore, do not apply to any places of amusement within the county of Chester.

The second class, which applies to all the counties of the state, excepting Philadelphia and Allegheny, is a license, not of the building or place, but of the company or exhibitors, for the language is, " and for each and every other county of the commonwealth, within the bounds of which such theatre or circus may be shown, held or exhibited."

The twelfth section of the act of April 14, 1851, P. L. 596, gave such exhibitors the option of paying a license of $50 for each and every county in which they exhibited ; or, a license of $1,000 for the right to exhibit throughout the state, in which case it provided that the " act of May 15, 1850, shall not be construed as applying to any person so paying for and receiving a license for the whole state."

The case of Bell v. Mahn, 121 Pa. 225, is not in point. There, " the single question," says Mr. Justice CLARK, " sought to be raised for the determination of the court, is whether or not the performance of the opera may be properly regarded as a theatrical exhibition within the meaning of the act of April 16, 1845, P. L. 532, and other acts of assembly subsequent thereto, providing that no ' theatrical exhibition ' shall be allowed in this state, without a license first had and obtained," etc. The Arch Street Opera House, over which the controversy in that case arose, is located in the city of Philadelphia, and subject, there-

Opinion of the Court

fore, to the provisions of the act of assembly governing licenses in that city, and which do not apply to other parts of the state.

As the Coatesville Opera-House Company is not the proprietor, manager or exhibitor of a theatre, circus or menagerie, etc., but merely the owner of a building sometimes leased to such persons, they are not required to pay any license to the state, under the provisions of the above recited acts.

Not coming within either of the two classes designated by the act of 1845 and its supplements, judgment must be entered for the defendant, with costs, etc., as provided in the case stated.

—Thereupon, the plaintiff took this appeal, specifying that the court erred: 1, 2. In entering judgment for the defendant, and in not entering judgment for the plaintiff, on the case stated.

*Mr. Thomas W. Baldwin* (with him *Mr. Wm. S. Kirkpatrick,* Attorney General), for the appellant.

Counsel cited: Bell v. Mahn, 121 Pa. 225; Nurdlinger v. Irvine, 18 W. N. 65; Big Black Creek Imp. Co. v. Commonwealth, 94 Pa. 450; acts of April 16, 1845, P. L. 532; April 10, 1849, P. L. 570; May 15, 1850, P. L. 772; April 14, 1851, P. L. 594.

*Mr. R. Jones Monaghan* and *Mr. J. Frank E. Hause,* for the appellee, were not heard.

PER CURIAM:

—On the argument at Bar,

Judgment affirmed.